UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DAVID MCGLYNN,<br><br>       Plaintiff,<br><br>- against -<br><br>THE REPORTER INC. d/b/a THE NIAGARA REPORTER, and DOES 1 through 10 inclusive,<br><br>       Defendants. | Case No. 1:23-cv-78<br><br>**COPYRIGHT INFRINGEMENT** |

# COMPLAINT

Plaintiff David McGlynn, for his Complaint against The Reporter Inc. d/b/a The Niagara Reporter, and DOES 1 through 10 inclusive, alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq.*

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This court has personal jurisdiction over Defendants because Defendant's acts of infringement complained of herein occurred in the state of New York, Defendant's acts of infringement were directed towards the state of New York, Defendant caused injury to Plaintiff within the state of New York, and Defendant has a physical presence in the state of New York.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

/ / /

## PARTIES

1

5. Plaintiff David McGlynn ("McGlynn") is a professional photographer residing in the State of New York.

6. The Reporter Inc. d/b/a The Niagara Reporter ("Niagara Reporter") is a New York corporation with its principal place of business at 209 Sweet Briar Rd., Tonawanda, NY, 14150.

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes and on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

## FACTUAL ALLEGATIONS

8. McGlynn is a professional fine art and commercial photographer.

9. McGlynn's photojournalistic work includes assignments for the New York Post and splashnews.com.

10. McGlynn has shown his work at several group and solo shows, including the Alternative Museum, Queens Museum, Hudson River Museum, Luring Augustine Gallery, the Neuberger Museum and Broadway Windows. His work is included in the collections of the Brooklyn Museum, the Erie Art Museum, the New Britain Museum of American Art, the Forbes Gallery Collection, and various private collections.

11. In addition, McGlynn has created large-scale works for permanent installation for a variety of clients, including *Disney/ESPN Zone* restaurants, Fox Network headquarters, and *AT&T* Corporate Headquarters.

12. McGlynn's work has been featured in major publications such as the *New York Post*, *The New York Times*, *WIRED, Forbes, ESPN, Money, Newsweek*, Popular Science, Metropolitan Home, and *Vibe*. Corporate and advertising clients include *Miller Brewing Company*, 'Absolut McGlynn' for *Absolut Vodka*, *Kodak Funsaver* cameras, *Compaq, American Express, Disney, Dime Bank, Polygram/Mercury Records,* and the World Financial Center.

13. McGlynn has received several awards including: American Photography Annual 7, 10, 11; Society of Publication Designers Annual 18, 23, 27, 28 and 30; Graphis Poster and Graphis Digital. Portfolio spreads of his artwork have been published in *Life Magazine, Popular Photography*, *Idea* (Japan), *Photo Magazine* (France), and *Photo District News.*

14. McGlynn's livelihood depends on receiving compensation for the photographs he produces, and the copyright protection afforded to McGlynn's work deters would-be infringers from copying and profiting from his work without permission.

15. McGlynn is the sole author and exclusive rights holder to a photograph of former Governor Andrew Cuomo whilst speaking ("Cuomo Photograph").

16. Attached hereto as Exhibit A is a true and correct copy of the Cuomo Photograph.

17. McGlynn registered the Cuomo Photograph with the United States Copyright Office. The Cuomo Photograph is registered under Registration Number VA 2-007-339.

18. Defendant Niagara Reporter is weekly newspaper hosted in Niagara Falls, New York.

19. Niagara Reporter investigates stories which focus on alleged public corruption, politics, and local news.

20. Niagara Reporter serves as one of the largest news publications in Niagara County.

21. Niagara Reporter is the owner and operator of the website https://niagarafallsreporter.com ("Website").

22. At all relevant times, the Website is or was readily accessible to the general public throughout New York, the United States, and the world.

23. Niagara Reporter uses advertisements on its Website to monetize its content.

24. On or about June 22, 2021, McGlynn discovered the Cuomo Photograph being used by Niagara Reporter on its Website in article entitled "Cuomo says COVID-Positive Patients in Nursing Homes 'Never Happened'; That is a Lie," discussing how during a press conference on September 30, 2020, Andrew Cuomo falsely claimed New York nursing homes never took in Covid-positive patients.

25. Attached hereto as Exhibit B is a true and correct screenshot of the Cuomo Photograph on the Website.

26. As of the date of this Complaint, the Cuomo Photograph is still displayed on the Website.

27. Attached hereto as Exhibit C is a true and correct time stamped screenshot of the continued use of the Cuomo Photograph on the Website.

28. In no event did McGlynn offer or provide Niagara Reporter a license to use his Cuomo Photograph in any manner.

29. McGlynn is informed and believes Niagara Reporter displayed an unauthorized copy of the Cuomo Photograph on its Website.

30. McGlynn is informed and believes Niagara Reporter uploaded the Cuomo Photograph to its Website.

31. McGlynn has made several attempts to settle this case prior to the filing

of this Complaint.

## FIRST CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq*

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Cuomo Photograph.

34. Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's copyrighted Cuomo Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Cuomo Photograph of the Plaintiff without Plaintiff's consent or authority, by using it in an infringing post on Defendant's Website.

35. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages in an amount up to $150,000.00 pursuant to 17 U.S.C. § 504(c).

36. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C § 505 from Defendants.

37. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the

Cuomo Photograph by copying, displaying, and distributing it without a license or consent;

- For an award of actual damages and disgorgement of all of profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant in an amount up to $150,000.00 for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For an injunction preventing Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For costs of litigation and reasonable attorney's fees against Defendant pursuant to 17 U.S.C. § 505;
- For pre judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

Dated: January 25, 2023                             Respectfully submitted,

**/s/ Rayminh y L. Ngo**
Rayminh L. Ngo, Esq.
**HIGBEE & ASSOCIATES**
**(Of Counsel)**
1504 Brookhollow Dr., Ste 112
Santa Ana, CA 92705-5418
(305) 764-9262
(714) 597-6729 facsimile
rngo@higbeeassociates.com
*Attorney for Plaintiff*