UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID McGLYNN,

                          Plaintiff,                **REPORT AND RECOMMENDATION**

v.                                                        1:23-cv-78-JLS-JJM

THE REPORTER, INC. d/b/a
NIAGARA REPORTER, INC.,
and DOES 1-10, inclusive,

                          Defendants.
_____

        Before the court is plaintiff David McGlynn's motion [10][1] for a default judgment against defendant The Reporter, Inc. d/b/a Niagara Reporter, Inc. ("The Reporter"), which has been referred to me by District Judge John L. Sinatra, Jr. for initial consideration [12]. For the following reasons, I recommend that the motion be granted.

## BACKGROUND

        McGlynn commenced this action on January 25, 2023, seeking relief under the Copyright Act (17 U.S.C. §101 *et seq.*) for The Reporter's alleged infringement of his copyrighted photograph of former Governor Andrew Cuomo. Complaint [1]. The Reporter was served with the Summons and Complaint via the New York Secretary of State on March 15, 2023 [6]. Its time "to answer, plead, or otherwise respond to the Complaint has expired, and such time has not been extended" (Ngo Declaration [10-2], ¶7), and no appearance has been entered on its behalf. At McGlynn's request [7], the Clerk of this court entered default against The

---

[1]     Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Reporter on June 8, 2023 [8].  McGlynn now seeks entry of a default judgment against The Reporter pursuant to Fed. R. Civ. P. ("Rule") 55(b).

## DISCUSSION

Although Rule 55(b)(2) entitles a defaulting party who has appeared in the action to seven days' notice prior to entry of a default judgment, "a defaulting party who has failed to appear, thereby manifesting no intention to defend, is not entitled to notice of the application for a default judgment". 10A Wright & Miller, Federal Practice and Procedure (Civil), §2687 (4th ed.); Singh v. Jackson, 1986 WL 12514, *3 (S.D.N.Y. 1986).

"[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). McGlynn alleges that he is the sole owner of the Cuomo photograph (Complaint [1], ¶¶15-16; [1-1] at 2), that he registered the photograph with the United States Copyright Office ([1], ¶17), that on or about June 22, 2021 he discovered the photograph being displayed on The Register's website ([1], ¶¶24-25; [1-1] at 2), that the website still displayed the photograph as of the date of the Complaint ([1], ¶26), that he did not authorize The Reporter to use the photograph (id., ¶¶28, 33), that he made several attempts to settle this case prior to filing the Complaint (id., ¶31), and that The Reporter thereby willfully infringed his copyright in the photograph (id., ¶34). These allegations are sufficient to establish copyright infringement. See Prepared Food Photos, Inc. v. Shadowbrook Farm LLC, 2023 WL 4199412 (N.D.N.Y. 2023) (defendant infringed plaintiff's copyrighted photograph by displaying it on its website). By defaulting, The Reporter is presumed to have willfully infringed McGlynn's copyright. See McGlynn's Memorandum of Law [10-1] at 9, and authorities cited therein.

McGlynn's motion seeks a permanent injunction against unauthorized use or display of the Cuomo photograph, statutory damages in the amount of $6,000, costs in the amount of $732, and post-judgment interest. Id. at 21. "To determine damages in the context of a default judgment, the court may conduct such hearings or order such references as it deems necessary and proper . . . . However, it is not necessary for the District Court to hold a hearing, as long as it ensured that there is a basis for the damages specified in the default judgment." Prepared Food Photos, Inc. v. Shadowbrook Farm LLC, 2023 WL 4199412, *2 (N.D.N.Y. 2023). Since McGlynn has satisfactorily established a basis for each form of relief which he seeks (see McGlynn's Memorandum of Law [10-1] at 11-21), no hearing is necessary.

**CONCLUSION**

For these reasons, I recommend that McGlynn's motion [10] be granted, and that this court enter the Default Judgment proposed by McGlynn [11]. Unless otherwise ordered by Judge Sinatra, any objections to this Report and Recommendation must be filed with the clerk of this court by September 25, 2023. Objections by The Reporter can only be filed by an attorney, since "a corporation may not appear in a lawsuit against it except through an attorney". Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180, 192 (2d Cir. 2006).

While it may seem incongruous to give The Reporter an opportunity to file objections where it failed to appear in this action, courts must "enforc[e] the rules as written". Thorp v. Scarne, 599 F.2d 1169, 1174 (2d Cir. 1979). Rule 77(b)(1) provides that "[t]he clerk must promptly mail a copy [of the recommended disposition] to each party", and Rule 77(b)(3)

gives each party 14 days thereafter to file objections to the recommendation.[2] Unlike Rules 55(b)(2) and 77(d), the provisions of Rule 77(b)(1) and (3) are not limited to parties who have appeared in the action.

Any requests for extension of the deadline for filing objections must be made to District Judge Sinatra.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek, 838 F. 2d at 58; Thomas v. Arn, 474 U.S. 140, 155 (1985). Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 6, 2023

       /s/ Jeremiah J. McCarthy
       JEREMIAH J. MCCARTHY
       United States Magistrate Judge

---

[2] 14 days from today is September 20, 2023. However, since service is by mail, Rule 6(d) extends that deadline to September 23, 2023; and since that date falls on a weekend, Rule 6(a)(1)(c) further extends the deadline to Monday, September 25, 2023.